## DAVIS v. TOWN OF ROCHESTER.

(Supreme Court, General Term, Third Department.    December 8, 1892.)

DEFECTIVE HIGHWAYS—ACTION FOR INJURIES—EVIDENCE OF OFFERS OF SETTLEMENT.

    In an action against a town for injuries to plaintiff's horse, sustained from a defect in a highway bridge, conversations and negotiations by plaintiff with the individual members of the town board, and with the highway commissioner, relative to a settlement of plaintiff's claim, are not admissible in evidence.

Appeal from Ulster county court.

Action by Andrew A. Davis against the town of Rochester for injuries to plaintiff's horse, sustained in falling through a defective bridge on defendant's highway. The action was originally brought in justice's court, where plaintiff recovered a verdict for $75. From the judgment rendered therein, defendant appealed to the county court, which affirmed the judgment of the justice's court. Defendant again appeals. Reversed.

The evidence showed that plaintiff's horse broke through the bridge, and hurt his hind leg, and that after the accident it was discovered that the broken plank was rotten. Plaintiff also proved, under objection, that after the accident he sought out the commissioner of highways of the town, who advised him to make out his bill, and present it to the town board; that he went before the board, and made a claim for damages; that, at the suggestion of members of the board, the commissioner accompanied him to his residence, and agreed to settle the matter with him for $75. This proof was made by oral testimony of what took place, consisting of conversations between the plaintiff and members of the board, between members of the board themselves, between members of the board and the commissioners, and between the plaintiff and the commissioner; and also a letter written by the commissioner to the plaintiff after the alleged settlement.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Linson & Van Buren, for appellant.

John E. Hardenbergh, for respondent.

PER CURIAM. Without passing upon the position taken by the appellant that there was no sufficient evidence of negligence given upon the trial, on the part of the highway commissioners, to sustain the judgment, we are of the opinion that a new trial will be necessary because of the reception of improper evidence by the justice. He allowed the plaintiff to show conversations and negotiations had with the individual members of the town board and with Enderly, the highway commissioner, and also received a letter of Enderly's written to the plaintiff. All this evidence was properly objected to by the defendant. The plaintiff might have shown the presentation of his claim to the defendant's board of auditors, and that it was not allowed; but it was not competent to prove his conversation with Enderly, the highway commissioner, or with the members of the town board. Certainly the objection to the evidence of the conversation between plaintiff and Enderly prior to the presentation of the plaintiff's claim to the town board should have been sustained, and the testimony so objected to may have influenced the result.

The judgment should be reversed, with costs. All concur.